Vincent Duncan

Plaintiff/Candidate;

v.

Rolando B. Pablos
Secretary of State Texas; and

Keith Ingram
Director of Elections;

Defendants.

JUL 10 2018

David J. Bradley, Clerk of Court

## MOTION TO BE INCLUDED ON BALLOT

COMES NOW Plaintiff/Candidate Vincent Duncan and respectfully requests an Order of this Court allowing him to appear on the November 6, 2018 Ballot for General Election to fill a vacancy for the office of U.S. House of Representatives, District 18 and in support thereof states the following:

1. Plaintiff/Candidate Vincent Duncan has complied with all of the rules and requirements set forth by the Texas Secretary of State and of the Office of Elections and has provided all of the required information as set forth in the Application for a Place on the General Election Ballot for November 6, 2018. (See Attachment "A", Independent Candidate's Application for a Place on the General Election Ballot)

2. Plaintiff/Candidate obtained more than Eight Hundred (800) signatures from eligible Harris County voters in support of this Application.

3. On June 21, 2018, Plaintiff/Candidate presented personally to the Offices of Christina Worrell Adkins, Notary Public, State of Texas and Representative of the Office of

Elections, whereupon Ms. Adkins did notarize Candidates Application and Petition for a place on the ballot. (See Attachment "B", Signature and Notary blocks)

4. On June 27, 2018, Plaintiff/Candidate received a letter from Keith Ingram, Director of Elections, informing him that "his application was (sic) not accepted due to the fact that the petition pages are not notarized." As such, Plaintiff/Candidates name will not be certified for the November 6, 2018 General Election Ballot. (See Attachment "C" Letter from Director Ingram dated June 27, 2018 )

5. Plaintiff/Candidate would respectfully request reconsideration of this finding of ineligibility and would specifically direct the Court's attention to Elections Law, Validity of Petition, Sec. 141.062, Subsection 2. a., which states in relevant part,

"The affidavit at the bottom of the page must accompany each part but is not required for each page of signatures. Among other things, this means an affidavit of circulator need only be sworn on one page to serve for multiple pages..."

See also Cohen v. Strake, 743 S.W. 2d 366 (Tex.App – Houston [14th Dist.] 1988. (See Attachment "D")

6. Additionally, Plaintiff/Candidate represents that all voter signatures had been obtained prior to his presentation before the Notary on June 21, 2018 and as such would offer in support of his Motion, New Elections Law, Sec. 141.065( c ) which provides that:

"a single notarized affidavit by any person who obtained signatures is valid for all signatures gathered by the person if the date of notarization is on or after the date of the last signature obtained by the person."

House Bill 2157 ( See Attachment "D")

WHEREFORE, Plaintiff requests that this Honorable Court enter its Order allowing counsel to appear on the November 6, 2018 Congressional ballot and directing the Director of Elections to certify Vincent Duncan's Independent Candidacy.

Respectfully Submitted,

*Vincent Duncan*

Vincent Duncan, Pro Se
Houston, Texas 77029
(713) 252-2436
Vinceforus@gmail.com

Before me, the undersigned, on this day personally appeared Vincent Duncan, who being by me here and now duly sworn, upon oath says that the foregoing statements and true and correct.

Sworn and subscribed before me this ___9___ day of ___July___, 2018.

*Feliciano Pineda*
Signature of Notarial Officer Administering the Oath

FELICIANO PINEDA
Notary Public, State of Texas
Comm. Expires 04-25-2020
Notary ID 126219867